## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Case No.: _____

**HILDA CASSO- LOPEZ**

      **Plaintiff,**

**vs.**

**BEACH TIME RENTALS SUNCOAST, LLC,**
**KRH REAL ESTATE INC. d/b/a RE/MAX ACTION FIRST,**
**FIRST TITLE SOURCE, LLC,**
**KENNY HAYSLETT, individually,**
**HEIDI NAVARRO, individually.**

      **Defendant.**

_____/

## COMPLAINT

      **COMES NOW**, the Plaintiff, **HILDA CASSO- LOPEZ**, by and through her undersigned counsel, and hereby files this Complaint against the Defendants, **KENNY HAYSLETT, HEIDI NAVARRO, BEACH TIME RENTALS SUNCOAST, LLC, KRH REAL ESTATE INC. d/b/a RE/MAX ACTION FIRST,** and **FIRST TITLE SOURCE, LLC** and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for violation of the FLSA §207 for failure to pay overtime wages.

2. Defendant unlawfully misclassified Plaintiff as exempt an employee to avoid compensating her for time worked in excess of forty (40) hours per week.

3. Defendant failed to pay Plaintiff in accordance with the FLSA. Specifically, Plaintiff was not paid time and a half of his regular rate of pay for all hours worked in excess of forty

1

(40) hours per week. Plaintiff was not paid the salary basis minimum that meets the definition of exempt under the FLSA.

4.  The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 USC §§ 1331 and 1337 and 29 USC § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

6.  The Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 USC § 1367.

7.  Venue is proper in the District Court because Defendant operates a substantial business in the Middle District of Florida. Furthermore, the damages complained of occurred in the Middle District at the Defendant's places of business located in the Middle District of Florida.

## PARTIES

### HILDA CASSO- LOPEZ

8.  At all times relevant to this action, Plaintiff, **HILDA CASSO- LOPEZ**, is a resident of Pinellas County, which is in the Middle District of Florida.

9.  At all times relevant to this action, Plaintiff has been employees within the meaning of 29 USC § 203(e)(I).

2

**KENNY HAYSLETT**

10. Defendant, **KENNY HAYSLETT**, is a Florida resident and/or individual who conducts business in the State of Florida within the Middle District of Florida. He is the Managing Member of **BEACH TIMES RENTALS SUNCOAST, LLC.**

11. **KENNY HAYSLETT** is also an officer and manager of Defendant, **KRH REAL ESTATE INC. d/b/a RE/MAX ACTION FIRST**.,

12. Upon knowledge and belief **KENNY HAYSLETT** is a Member of **FIRST FLORIDA TITLE, LLC**

13. He created and directed the pay practices and controlled and directed the work of Plaintiff on behalf of **BEACH TIME RENTALS SUNCOAST, LLC, KRH REAL ESTATE INC. d/b/a RE/MAX ACTION FIRST, FIRST TITLE SOURCE, LLC** thus making him an employer within the meaning of the FLSA.  See In Re: Van Diepen, P.A., 236 F. App 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

**HEIDI NAVARRO**

14. Defendant, **HEIDI NAVARRO**, is a Florida resident and/or individual who conducts business in the State of Florida within the Middle District of Florida. She is the Managing Member of **BEACH TIMES RENTALS SUNCOAST, LLC.**

15. She created and directed the pay practices and controlled and directed the work of Plaintiff on behalf of **BEACH TIME RENTALS SUNCOAST, LLC,** thus making her an employer within the meaning of the FLSA.  See In Re: Van Diepen, P.A., 236 F. App 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

**BEACH TIME RENTALS SUNCOAST, LLC**

16. Defendant, is a limited liability company registered to do business in the state of Florida.

17. Defendant, is a real estate rental company with its principle place of business in the Middle District of Florida. At all relevant times, **BEACH TIME RENTALS SUNCOAST, LLC** has continuously done business in the Middle District of Florida.

18. At all times material hereto, **BEACH TIME RENTALS SUNCOAST, LLC** was an "enterprise engaged in commerce" within the meaning of the FLSA.

19. At all times material hereto, **BEACH TIME RENTALS SUNCOAST, LLC** was the "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203.

**KRH REAL ESTATE INC. d/b/a MAX ACTION FIRST**

20. Defendant, is a corporation registered to do business in the state of Florida.

21. Defendant, is a Real Estate brokerage company with its principle place of business in the Middle District of Florida. At all relevant times, **KRH REAL ESTATE INC. d/b/a MAX ACTION FIRST** has continuously done business in the Middle District of Florida.

22. At all times material hereto, **KRH REAL ESTATE INC. d/b/a MAX ACTION FIRST** was an "enterprise engaged in commerce" within the meaning of the FLSA.

23. At all times material hereto, **KRH REAL ESTATE INC. d/b/a MAX ACTION FIRST** was the "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203.

**FIRST TITLE SOURCE, LLC**

24. Defendant, is a Limited Liability Company registered to do business in the state of Florida.

25. Defendant, is a title company with its principle place of business in the Middle District of Florida. At all relevant times, **FIRST TITLE SOURCE LLC** has continuously done business in the Middle District of Florida.

26. At all times material hereto, **FIRST TITLE SOURCE LLC** was an "enterprise engaged in commerce" within the meaning of the FLSA.

27. At all times material hereto, **FIRST TITLE SOURCE LLC** was the "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203.

28. The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee.  29 USC § 203(d).  See also <u>Boucher v. Shaw</u>, 572 Fed. 3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common-law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

29. This action is brought under the FLSA to recover from Defendant unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

30. All conditions precedent to the filing of this action have been performed.

## STATEMENT OF FACTS

31. Plaintiff, HILDA CASSO- LOPEZ, was employed by Defendants as a Full Charge Bookkeeper from approximately February 9, 2019 until May 7, 2019.

32. Plaintiff's job duties as an employee included book keeping and all other activities directed by Defendant, PCL and its officers and agents.

33. Plaintiff had no managerial duties, did not direct the work of any other employees, had no authority to hire or fire or to make recommendations as to hiring or firing, advancement, promotion or any change in status of any employee, had no authority to direct employee work, supervise or control any employee, evaluate employee productivity, make decisions on employee complaints, determine what materials, supplies, machinery, equipment or

5

tools were to be used, control flow and distribution of materials and supplies, plan or control any budget or monitor legal compliance.

34. Plaintiff was provided with a list of duties and tasks to perform by Defendants and their officers and agents.

35. At all times relevant, Plaintiff was supervised by Defendants and their officers and agents, and did not have the right to independent operations or decision-making.

36. Plaintiff would work approximately 72 hours per week on average.

37. Plaintiff worked and reported a certain sum of hours while employed, but did not receive appropriate compensation.

38. Defendant properly identified Plaintiff's overtime hours and failed to pay the Plaintiff pursuant to the requirements of FLSA.

39. Defendants' failure to properly pay Plaintiff overtime wages was a willful violation of the FLSA §207.

40. Defendants has no good faith basis for failing to pay Plaintiff appropriately.

41. Defendants, as business entities and business owners, are fully aware of the Plaintiff's regular hourly pay, overtime, and classification of individuals performing work for the Defendant.

42. Plaintiff did not have the authority to hire, fire, or discipline other employees.

43. Plaintiff was a non-exempt employee whose duties dictate the same; his job duties do not involve the use of discretion in the performance of their job.

44. Defendant agreed to pay Plaintiff at a rate of $23.50 per hour.

45. Plaintiff's position was subject to the FLSA wage provisions.

## COUNT I
## VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)
## (as to BEACH TIME RENTALS SUNCOAST, LLC )

46. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

48. Defendant is an employer within the meaning of 29 USC § 203(d).

49. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

50. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

51. During the relevant time period, Defendant required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

52. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

53. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

54. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiff.

55. Evidence reflecting the precise number of overtime hours worked by Plaintiff is illustrated on the Plaintiff's paystub.  If these records are unavailable for any reason, Plaintiff may

establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See <u>Anderson v. Mount Clemens Pottery Company</u>, 328 US 680 (1946).

56. Plaintiff is entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

57. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

58. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, **HILDA CASSO- LOPEZ**, requests this Honorable Court to:

A) Order Defendant to pay an award of damages to fully compensate Plaintiff for overtime wages and other compensation to which he is entitled;

B) Order Defendant to pay liquidated damages;

C) Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

D) Order Defendant to pay compensatory damages allowable at law;

E) Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

**COUNT II**
**VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)**
**(as to KRH REAL ESTATE INC. d/b/a RE/MAX ACTION FIRST)**

59. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

60. Plaintiff was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

61. Defendant is an employer within the meaning of 29 USC § 203(d).

62. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

63. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

64. During the relevant time period, Defendant required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

65. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

66. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

67. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiff.

68. Evidence reflecting the precise number of overtime hours worked by Plaintiff is illustrated on the Plaintiff's paystub.  If these records are unavailable for any reason, Plaintiff may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See <u>Anderson v. Mount Clemens Pottery Company</u>, 328 US 680 (1946).

69. Plaintiff is entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

70. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

71. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, **HILDA CASSO- LOPEZ**, requests this Honorable Court to:

F) Order Defendant to pay an award of damages to fully compensate Plaintiff for overtime wages and other compensation to which he is entitled;

G) Order Defendant to pay liquidated damages;

H) Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

I) Order Defendant to pay compensatory damages allowable at law;

J) Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

## <u>COUNT III</u>
## <u>VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)</u>
## <u>(as to FIRST TITLE SOURCE, LLC)</u>

72. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

73. Plaintiff was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

74. Defendant is an employer within the meaning of 29 USC § 203(d).

75. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

76. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

77. During the relevant time period, Defendant required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

78. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

79. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

80. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiff.

81. Evidence reflecting the precise number of overtime hours worked by Plaintiff is illustrated on the Plaintiff's paystub.  If these records are unavailable for any reason, Plaintiff may

establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See <u>Anderson v. Mount Clemens Pottery Company</u>, 328 US 680 (1946).

82. Plaintiff is entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

83. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

84. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, **HILDA CASSO- LOPEZ**, requests this Honorable Court to:

K) Order Defendant to pay an award of damages to fully compensate Plaintiff for overtime wages and other compensation to which he is entitled;

L) Order Defendant to pay liquidated damages;

M) Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

N) Order Defendant to pay compensatory damages allowable at law;

O) Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

<u>**COUNT IV**</u>
<u>**VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)**</u>
<u>**(as to KENNY HAYSLETT)**</u>

85. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

86. Plaintiff was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

87. Defendant is an employer within the meaning of 29 USC § 203(d).

88. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

89. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

90. During the relevant time period, Defendant required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

91. Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

92. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

93. Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiff.

94. Evidence reflecting the precise number of overtime hours worked by Plaintiff is illustrated on the Plaintiff's paystub.  If these records are unavailable for any reason, Plaintiff may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See Anderson v. Mount Clemens Pottery Company, 328 US 680 (1946).

95. Plaintiff is entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

96. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

97. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, **HILDA CASSO- LOPEZ**, requests this Honorable Court to:

P)  Order Defendant to pay an award of damages to fully compensate Plaintiff for overtime wages and other compensation to which he is entitled;

Q)  Order Defendant to pay liquidated damages;

R)  Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

S)  Order Defendant to pay compensatory damages allowable at law;

T)  Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

**COUNT V**
**VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)**
**(as to HEIDI NAVARRO)**

98. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

99. Plaintiff was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

100.    Defendant is an employer within the meaning of 29 USC § 203(d).

14

101.     The overtime wage provisions set forth in FLSA § 207 apply to Defendant, who engaged in commerce under the definition of the FLSA.

102.     During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

103.     During the relevant time period, Defendant required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

104.     Defendant is, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

105.     Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

106.     Defendant cannot show in good faith reliance upon any factor or law for misclassifying Plaintiff.

107.     Evidence reflecting the precise number of overtime hours worked by Plaintiff is illustrated on the Plaintiff's paystub.  If these records are unavailable for any reason, Plaintiff may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See <u>Anderson v. Mount Clemens Pottery Company</u>, 328 US 680 (1946).

108.     Plaintiff is entitled to time and one-half of their regular hourly rate for each hour worked in excess of forty (40) hours per work week.

109.     As a direct result of Defendant's violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of their Social Security and employer contributions to Social Security benefits.

110.     Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, **HILDA CASSO- LOPEZ**, requests this Honorable Court to:

U) Order Defendant to pay an award of damages to fully compensate Plaintiff for overtime wages and other compensation to which he is entitled;

V) Order Defendant to pay liquidated damages;

W) Order Defendant to pay pre-judgment interest on all sums due Plaintiff;

X) Order Defendant to pay compensatory damages allowable at law;

Y) Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all issues so triable.

Respectfully Submitted,

TRAGOS, SARTES & TRAGOS, PLLC

*/s/ Peter A. Sartes, Esq.*
PETER A. SARTES, MBA/JD
601 Cleveland Street, Suite 800
Clearwater, Florida 33755
Phone:  (727) 441-9030
Facsimile: (727) 441-9254
Florida Bar No: 582905
SPN: 02429305

peter@greeklaw.com
linda@greeklaw.com

*/s/ Peter L. Tragos, Esq.*
Peter L. Tragos, Esq.
601 Cleveland Street, Suite 800
Clearwater, Florida 33755
Phone: (727) 441-9030
Facsimile: (727) 441-9254
Florida Bar No: 0106744
petertragos@greeklaw.com
yaima@greeklaw.com