UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA CASSO-LOPEZ,

    Plaintiff,

v.                                                CASE NO. 8:19-cv-1157-T-23TGW

BEACH TIME RENTAL
SUNCOAST, LLC, et al.,

    Defendants.
_____/

**ORDER**

    In this FLSA action, the plaintiff accepts (Doc. 33) the defendants' offer of judgment under Rule 68, Federal Rules of Civil Procedure, and requests approval of the acceptance. The defendants' offer of judgment states (1) that the "[d]efendants will allow judgment to be taken against them in the sum of [$17,462.12]" and (2) that the offer "is made to resolve all claims that have been or may be asserted by Plaintiff in this action." The motion remains silent about whether the parties have an undisclosed settlement agreement or otherwise have agreed to terms other than the payment of money. That is, the motion remains silent about whether the plaintiff has compromised her claim in any way or purported to grant to the employer anything of value except relief from the statutory requirement to pay $17,426.12 against the full amount owed under the FLSA. Further, the motion fails to display and explain the computation that resulted in the offer of $17,426.12, which might

constitute a compromise of the plaintiff's claims, including a compromise of the absolute statutory right to liquidated damages and a reasonable attorney's fee.

In sum, the papers submitted by the parties are inadequate to permit the informed and complete review of the parties' proposed resolution that is necessary for court approval. Of course, the parties' proposed resolution and request for approval prompts an inquiry into whether, to what extent, or with what limitation court approval is necessary to achieve an enforceable resolution under Rule 68, Federal Rules of Civil Procedure.

## DISCUSSION

Several courts and commentators argue that "the specific need for judicial oversight to prevent employers from using private settlements to circumvent FLSA protections for employees overrides Rule 68's general provision for self-executing entry of judgment on an accepted offer." 13 *Moore's Federal Practice*, § 68.04[B] (Matthew Bender 3d ed.); *see also Norman v. Alorica, Inc.*, 2012 WL 5452196, at *2 (S.D. Ala. 2012) ("[A]lthough the motion is brought under Rule 68, pursuant to *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350 (11th Cir.1982), judicial review and approval of this settlement is still necessary to give it final and binding effect."); *Luna v. Del Monte Fresh Produce, Inc.*, 2008 WL 754452, at *12–3 (N.D. Ga. 2008) (finding the defendants' Rule 68 offers invalid under *Lynn's Food* because the offers cannot receive judicial review), *aff'd*, 354 F. App'x 422 (11th Cir. 2009)). However, other courts contend that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." *Mei Xing Yu v. Hasaki Rest.,*

- 2 -

*Inc.*, 944 F.3d 395, 398 (2d Cir. 2019); *see also Anwar v. Stephens*, 2017 WL 455416, at *1 (E.D.N.Y. 2017) (collecting cases and observing that "[t]he majority of district courts in this Circuit have held that judicial approval is not required for Rule 68 offers of judgment.").

The parties must understand, as explained at painful length by the Supreme Court; by *Lynn's Food*; by *Dees v. Hydradry*, 706 F.Supp.2d 1227, 1246–47 (M.D. Fla. 2010); and by other authority on which *Dees* and many later opinions rely, that an employee's FLSA rights are not susceptible to compromise or diminution by any means whatsoever other than under supervision by the Department of Labor under 29 U.S.C. § 216(c) or with approval of a district court.* As stated in *Dees*:

> [T]he FLSA permits an employee only two avenues for compromising an FLSA claim. First, an employee may accept a compromise supervised by the Department of Labor. By accepting the compromise, the employee waives the right to sue for the unpaid wages. Second, if an employee sues for back wages under the FLSA, the parties may present a proposed compromise to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness."
> 679 F.2d at 1353.

706 F.Supp.2d at 1235.

Stated differently, unless supervised by the Department of Labor or approved by a district court, any compromise, relinquishment, or other diminution of an

---

* Although Section 216(c) states that the Department of Labor "is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee," a search of Section 216(b), which creates a private right of action under the FLSA, and a search elsewhere in the FLSA yield little, if any, statutory basis for a requirement that the district court approve a settlement. *Lynn's Food* explains the advantages of the requirement but not the legal necessity of the requirement.

employee's FLSA rights — by whatever mechanism undertaken or procured, even by a rule of procedure — is illusory, ineffective, and unenforceable, and the employee can ignore the entire episode, including an executed settlement agreement (exactly what happened in *Lynn's Food*) and immediately sue the employer to obtain whatever FLSA rights the employee earlier purported to compromise, relinquish, or otherwise diminish. Also, any release, confidentiality or non-disclosure agreement, or any other covenant or agreement granting the employer anything else of value in exchange for the FLSA wage is unenforceable. The FLSA commands that result, the Supreme Court confirms that result, *Lynn's Food* and similar cases expound that result, and a district court must enforce that result — no evasive gimmicks allowed.

On the subject of evasion: *Lynn's Food*, *Dees*, and similar decisions have sparked an array of attempts by counsel to discover, invent, or improvise an effective tool of evasion, that is, a tool that permits an effective, private, but undisclosed compromise and settlement without supervision by the Department of Labor or approval by a district court. Based on the many "stipulated" attempts at evasion submitted to me after *Dees*, either many FLSA plaintiff's lawyers unaccountably agree to these transparent and doomed devices with confidence that the court will reject the defendant's attempt, many plaintiff's lawyers are unaware of the employee's FLSA rights, or many plaintiff's lawyers are indifferent to the employee's FLSA rights (and choose, instead, the lawyer's quick payday over the employee's just payday). On the other hand, the willingness of defense lawyers to enter these putative settlements — perhaps accomplishing little or nothing for their client —

- 4 -

might originate in an unawareness of the law explained in *Lynn's Food*, *Dees*, and elsewhere and might expose both lawyer and client to the same unpleasant surprise — another claim by the same plaintiff — experienced by counsel and client in *Lynn's Food*.

Again, an important distinction, often obscured (including occasionally by me) through the use of imprecise language, exists between the parties' ability to *formally* agree to compromise and settle an FLSA claim, on the one hand, and the parties' ability to *enforceably* agree to compromise and settle an FLSA claim, on the other. An effective and enforceable compromise and settlement requires in every instance either supervision by the Department of Labor or court approval. Otherwise, the employer risks the unpleasant *Lynn's Food* surprise.

However, a determined plaintiff (or plaintiff's lawyer) can, for example, privately agree to compromise and settle, execute a settlement agreement, accept the defendant's money, and stipulate to dismissal with prejudice under Rule 41(a)(1)(A)(ii), Federal Rules of Civil Procedure. Under *Anago Franchising v. Shaz*, 677 F.3d 1272, 1278 (11th Cir. 2012), the district court is powerless:

> [W]e find that the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence. District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.

(*Anago* leaves unexplained what "jurisdiction" a Rule 41(a)(1)(A)(ii) dismissal "divests." Subject matter jurisdiction? Surely not. Personal jurisdiction? Surely not. In each instance, for example, a Rule 60(b) motion remains possible. Although "jurisdiction" is likely the wrong word, *Anago* says what it says.)

In other words, by use of a Rule 41(a)(1)(A)(ii) dismissal with prejudice the parties can "settle" an FLSA action — or, more exactly, appear to settle. But the settlement, if unsupervised by the Department of Labor or unapproved by the court, is ineffective and the employer still owes, and the employee can still sue for, any unpaid wages, liquidated damages, and an(other) attorney's fee. Also, any other concession by the employee, such as a release of some past, present, or future claim for relief or a non-disclosure agreement, is ineffective. *See, e.g.*, *Moreno v. Regions Bank*, 729 F.Supp.2d 1346 (M.D. Fla. 2010). If, despite this illusory "settlement," the employee again sues the employer under the FLSA, the court by one of several available means must decline to credit, enforce, or otherwise grant preclusive effect to any device of resolution — including a dismissal with prejudice — procured without Department of Labor supervision of, or court approval of, the terms of the compromise and settlement; a procedural rule cannot defeat the FLSA. In short, the employer likely will receive nothing more from the dismissal than an offset in any later action for any money paid to the employee under the unapproved settlement.

The same result attaches to a similar evasion devised and implemented under Rule 68. The clerk's judgment will not preclude a claim under the FLSA by the

(*Anago* leaves unexplained what "jurisdiction" a Rule 41(a)(1)(A)(ii) dismissal "divests." Subject matter jurisdiction? Surely not. Personal jurisdiction? Surely not. In each instance, for example, a Rule 60(b) motion remains possible. Although "jurisdiction" is likely the wrong word, *Anago* says what it says.)

In other words, by use of a Rule 41(a)(1)(A)(ii) dismissal with prejudice the parties can "settle" an FLSA action — or, more exactly, appear to settle. But the settlement, if unsupervised by the Department of Labor or unapproved by the court, is ineffective and the employer still owes, and the employee can still sue for, any unpaid wages, liquidated damages, and an(other) attorney's fee. Also, any other concession by the employee, such as a release of some past, present, or future claim for relief or a non-disclosure agreement, is ineffective. *See, e.g.*, *Moreno v. Regions Bank*, 729 F.Supp.2d 1346 (M.D. Fla. 2010). If, despite this illusory "settlement," the employee again sues the employer under the FLSA, the court by one of several available means must decline to credit, enforce, or otherwise grant preclusive effect to any device of resolution — including a dismissal with prejudice — procured without Department of Labor supervision of, or court approval of, the terms of the compromise and settlement; a procedural rule cannot defeat the FLSA. In short, the employer likely will receive nothing more from the dismissal than an offset in any later action for any money paid to the employee under the unapproved settlement.

The same result attaches to a similar evasion devised and implemented under Rule 68. The clerk's judgment will not preclude a claim under the FLSA by the

same employee, excepting a claim for the same money paid in satisfaction of the Rule 68 clerk's judgment.

Although the circuit courts of appeals apparently differ on whether in an FLSA action the clerk can enter a Rule 68 judgment after an FLSA plaintiff accepts a defendant's offer of judgment, the final result is the same either way. If the clerk cannot enter the judgment, then no compromise, relinquishment, or diminution of FLSA rights will occur without supervision from the Department of Labor or court approval. If the clerk can enter the judgment, then no compromise, relinquishment, or diminution of FLSA rights will occur without supervision from the Department of Labor or court approval. *Macht nichts*.

Under *Anago Franchising* and until and unless (and not with my support, although they don't need it) the Eleventh Circuit manufactures an *ad hoc* exception and a novel procedure for an FLSA claim, an FLSA plaintiff can purport to compromise and settle an FLSA claim by the mechanism of a Rule 41(a)(1)(A)(ii) stipulated dismissal with prejudice, and the district court is immediately powerless to interfere, although the compromise and settlement is ineffective. I perceive between Rule 41(a)(1)(A)(ii) and Rule 68, as they operate in an FLSA action, no distinction sufficient to warrant a different result. In a Rule 41(a)(1)(A)(ii) dismissal of an FLSA action, the circuit court, in effect, has chosen to allow the parties to proceed, as stated in *Dees*, at the defendant's "peril." 706 F.Supp.2d at 1237. If the FLSA plaintiff renounces the putative settlement and sues again, the employer must again defend.

## CONCLUSION

If the parties want court approval of a compromise and settlement, the law requires full disclosure. If the parties prefer the entry of a Rule 68 judgment (for whatever it's worth) without disclosure, the parties must file within fourteen days a stipulated declination to disclose and a request for the clerk's entry of judgment, which I will not prevent.

ORDERED in Tampa, Florida, on May 29, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE