UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA CASSO-LOPEZ,

    Plaintiff,

v.                                        CASE NO. 8:19-cv-1157-T-23TGW

BEACH TIME RENTALS SUNCOAST,
LLC; KRH REAL ESTATE INC. d/b/a
RE/MAX ACTION FIRST; FIRST TITLE
SOURCE, LLC; KENNY HAYSLETT and
HEIDI NAVARRO, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Plaintiff's Motion for Attorney's Fees and Costs (Doc. 40), following entry of the final judgment on her Fair Labor Standards Act (FLSA) claims based on the defendants' offer of judgment totaling $17,462.12 (Docs. 37, 39). The motion was referred to me for a report and recommendation (Doc. 42). After reviewing the record, including the defendants' response (Doc. 41) and the plaintiff's reply (Doc. 44), I recommend that the Plaintiff's Motion for Attorney's Fees and Costs (Doc. 40) be granted in the amount of $7,393.50 in attorneys' fees and $639.73 in costs.

I.

On May 14, 2019, the plaintiff filed suit against the defendants, alleging claims for violation of §207 of the FLSA for failure to pay the plaintiff overtime wages (Doc. 1, p. 1). On June 21, 2019, the defendants filed their answer to the plaintiff's complaint (Doc. 23). No written discovery or depositions were conducted by either party for this case. The parties held a mediation on September 5, 2019 (Doc. 29). Subsequently, the plaintiff filed a notice indicating that she accepted the defendants' offer of judgment totaling $17,462.12 pursuant to Rule 68, Fed.R.Civ.P., and reserved the right to move for reasonable attorneys' fees and costs (Doc. 33). On June 17, 2020, the Clerk entered judgment for the plaintiff, and on June 26, 2020, the plaintiff filed the present motion for attorneys' fees and costs (Docs. 39, 40).

The plaintiff requests an award of $9,679.50 in attorneys' fees and $2,124.41 in costs, totaling $11,803.91 (Doc. 40, p. 3). The plaintiff requests an hourly rate of $450 for attorney Peter A. Sartes and $400 for attorney Peter L. Tragos (Doc. 40-1, p. 4). The law firm's paralegal hourly rate is $95 (Doc. 40, p. 5). The number of attorney and paralegal hours claimed in this case is 24.5 (see Doc. 40-4).

The defendants assert various arguments in response to the plaintiff's motion, challenging the reasonableness of the attorneys' fees and costs that were claimed (Doc. 41). The defendants assert that plaintiff's attorneys spent excessive time on this case, some of the time entries do not describe recoverable time, the hourly rates are higher than the local market rates, and the plaintiff seeks costs that are not recoverable under 28 U.S.C. 1920 (id., pp. 2–3).

In the reply, the plaintiff asserts that the requested hourly rates are reasonable and that this case was not a simple claim (Doc. 44). Further, the plaintiff asserts that each time entry represents recoverable time, and the plaintiff clarifies block entries that the defendants challenged as vague or redundant (id., pp. 2–9). Finally, the plaintiff argues that all of the requested costs are recoverable because they were incurred in the litigation of this case (id., pp. 9–10).

II.

In an action to recover under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff," also "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. 216(b). The FLSA requires judicial review of the reasonableness of attorneys' fees and costs to ensure counsel is adequately compensated and

3

no conflict of interest taints the amount the employee recovers under a settlement agreement. Silva v. Miller, 307 F. Appx. 349, 351–52 (11th Cir. 2009).

Courts use the loadstar method to determine the amount of a reasonable attorney fee under the FLSA. Perez v. Carey International, Inc., 373 F. Appx. 907, 911 (11th Cir. 2010). "The starting point in fashioning an award of attorney's fees is to multiply hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The fee applicant must provide evidence that the requested rate is within the prevailing market rates, and the applicant must support the number of hours worked and the rate being requested. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). For the court to assess the hours, "counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity." Norman, supra, 836 F.2d at 1303.

Under the lodestar method, a reasonable hourly rate for an

attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. The going rate in the community is the most critical factor in setting the fee rate. Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990). The relevant market is "the place where the case is filed." Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999).

To establish that the requested rate is consistent with the prevailing market rate, the fee applicant must produce satisfactory evidence that "speak[s] to rates actually billed and paid in similar lawsuits." Norman, supra, 836 F.2d at 1299–1300. This requires "more than the affidavit of the attorney performing the work," and generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates. Id. Further, the court "is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Id. at 1303.

The FLSA authorizes the recovery of costs to a prevailing plaintiff. 29 U.S.C. 216(b). The costs recoverable by prevailing plaintiffs in FLSA cases under section 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920. Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th

Cir. 1988).

III.

A. <u>Hourly Rates</u>. The first half of the loadstar equation requires the court to determine a reasonable hourly rate for the services of the prevailing party's attorneys and paralegal. Peter A. Sartes and Peter L. Tragos are counsel for the plaintiff. Mr. Sartes seeks an hourly rate of $450, Mr. Tragos seeks an hourly rate of $400, and their law firm seeks an hourly rate of $95 for paralegal work (Doc. 40, pp. 4–5). All work in this action was completed in 2019 (Doc. 40-4). In support of these hourly rates, the plaintiff submitted an affidavit from Mr. Sartes and the curriculum vitae of both attorneys (Docs. 40-1, 40-2, 40-3).

Mr. Sartes states in his affidavit that he is familiar with the hourly rates charged by attorneys in Florida, particularly in the area of labor and employment law in the Middle District, and that he has "been awarded attorney's fees in FLSA matters by the District Courts for the Middle District of Florida" (Doc. 40-1, p. 3). Based on his experience, familiarity with the rates charged by lawyers, and fees awarded to his firm by the Middle District of Florida courts in other FLSA cases, Mr. Sartes represents that the requested rates "are commensurate to prevailing and fair market value for the services performed by attorneys in [his] law firm" (<u>id</u>., p. 4). Further, the

plaintiff's motion includes examples of Middle District of Florida cases in which Sartes and Tragos were awarded their requested fees, as well as examples of Middle District cases in which other attorneys were awarded fees similar to the ones being requested (Doc. 40, pp. 4–5).

The defendants object to the plaintiff's requested hourly rates as unreasonable and not reflective of the prevailing market rates in the community (Doc. 41, p. 3). Specifically, the defendants assert that "cases in the Middle District of Florida largely show that [], at most, $300.00 to $350.00 is the prevailing market rate for attorneys litigating cases under the FLSA" (id., p. 4). The defendants cite several Middle District cases to support this assertion (see id., pp. 4–5). Further, the defendants state that the FLSA cases cited by the plaintiff in which Sartes and Tragos were previously awarded the requested rates are distinguishable, because in those cases the defendants defaulted and did not respond to the motions for fees (id., p. 5).

The defendants contend that this matter involved a simple claim and does not justify a high-end rate like the plaintiff is claiming. While the plaintiff disagrees that this was a simple case, she has provided no persuasive reason why it is not simple. It looks like a simple FLSA case to me, and it resulted in a judgment of only $17,462.12.

My experience in cases like this is to award a rate of $350 per hour for the lead attorney and a rate of $300 for an assisting attorney. Accordingly, I recommend a rate of $350 per hour for Mr. Sartes and $300 per hour for Mr. Tragos.

An hourly rate of $95 for paralegal work is what I have been awarding. Notably, the defendants have not objected to that rate. Accordingly, I recommend that it be accepted.

B. Number of Hours. The second half of the loadstar equation requires the court to determine the reasonable number of hours expended in litigating the case. Counsel must provide contemporaneous records to show the time spent on the different claims, and "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman, supra, 836 F.2d at 1303. The party opposing a fee application must submit objections and proof that are specific and reasonably precise. Id. at 1301.

The plaintiff seeks a fee award for 24.5 hours of work in this case. Specifically, the plaintiff seeks compensation for the following hours of work: 16.5 hours by attorney Peter A. Sartes, 4.9 hours by attorney Peter L. Tragos, and 3.1 hours of paralegal time (see Doc. 40-4). Counsel

submitted time records in support of this request (id.). Counsel states that these time records "were kept contemporaneously to record time and invoices from inception of this matter until the acceptance of the Defendants' Offer of Judgement on November 22, 2019" (Doc. 40, p. 2).

In support of the reasonableness of the hours, the plaintiff has submitted the affidavit of Peter A. Sartes, who is a shareholder in the Law Office of Tragos, Sartes & Tragos, PLLC, of Clearwater, Florida (see Doc. 40-1). Mr. Sartes states in his affidavit that he has reviewed the fee petition and the time records submitted to the court, and they accurately reflect the time spent on each activity and the costs expended in this case (id.).

The defendants argue that the plaintiff requests an unreasonable number of hours. The defendants identify thirty entries that they argue should be deducted from the lodestar calculation for being "incredibly vague or redundant" (see Doc. 41, pp. 7–10). Specifically, the defendants argue that these "entries fail to contain sufficient detail to determine the actual work performed" (id., p. 7). Moreover, the defendants assert that entries on May 9, 2019, and June 13, 2019, are not recoverable because it is unclear that the work was relevant to the litigation of this case (id., pp. 9–10).

Regarding the May 9, 2019, entry in which Mr. Sartes billed 0.1 hours for "email from PLT re: client's housing issues," the defendants aver

that the nature of the housing issues is unclear, nor is it clear how such issues relate to an overtime compensation claim under the FLSA (id., p. 9). Regarding the June 13, 2019, entry in which Mr. Sartes billed 0.3 hours for "research for Heidi Navarro," the defendants argue that the plaintiff fails to explain why this research was conducted nor why it is recoverable in this case (id., p. 10).

In the reply, the plaintiff addresses all thirty entries challenged by the defendants, line by line, and provides additional detail about the work that was performed during those time entries (see Doc. 44, pp. 3–6). For the most part, the plaintiff's detailed reply remedies the deficiencies in the billing records to which the defendant objected.

Further, the plaintiff explains that the May 9, 2019, "housing issues" entry was for an email exchanged between Mr. Sartes and Mr. Tragos regarding Ms. Casso-Lopez's housing issues, which the plaintiff alleges was the result of not being paid by the defendants (id., p. 6). Mr. Sartes was conveying information to Mr. Tragos, who spoke with Ms. Casso-Lopez, who had become homeless, about how they would continue communicating with her (id.). Regarding the June 13, 2019 entry, the plaintiff explains that the date was incorrectly documented, and that this work was actually performed on May 13, 2019; this work was for "time spent identifying an

10

address for Heidi Navarro for the summons to be issued by the Court" (id.). The charges of 0.1 hours for the housing issue and 0.3 hours for Navarro's address were adequately justified.

The defendants' other challenges are appropriately grouped in distinct categories. Those categories are addressed below.

The plaintiff has provided enough detail to cure the entries that the defendants have identified as being vague or redundant. With the plaintiff's reply, the court is able to assess the necessity of the work performed and the reasonableness of the hours expended. I find that all the tasks that were undertaken by plaintiff's counsel were related to the litigation of this case, and none of the time entries appeared frivolous or duplicative. Accordingly, I recommend that attorneys' fees for all entries in this disputed category be awarded to the plaintiff.

The defendants identify nine entries that they argue should be deducted from the loadstar calculation due to block billing by plaintiff's counsel (see Doc. 41, pp. 10–11). The defendants posit that, due to block billing, "it is impossible to know how much time was spent of [sic] each of these tasks" (id., p. 10). The plaintiff attempts to clarify the block billing identified by the defendants in the reply (see Doc. 44, pp. 7–8).

I accept the plaintiff's additional explanations for the time

entries that the defendants have challenged. The plaintiff has cured any issues with regard to block billing by providing specific detail about the tasks that were completed in those time entries, and all of the tasks were properly related to the litigation of this case. Accordingly, I recommend that attorneys' fees for all entries in this disputed category be awarded to the plaintiff.

The defendants challenge two entries of paralegal time for routine clerical work (Doc. 41, p. 11). One entry was for 0.2 hours on May 29, 2019, for "filing of Notice of pendency and Certificate of Interested persons," and the second entry was for 0.2 hours on May 30, 2019, for "File rtn of services Hayslett, KRH Real Estate, Beachtime Rentals with court" (see Doc. 40-4, p. 2). On September 18, 2019, the plaintiff billed 0.1 hours of paralegal time for "Rcvd mediator invoice input and req check" (see id., p. 6). While the grounds upon which the defendants challenge this entry are not clearly articulated, it appears the defendants view this entry as routine clerical work (Doc. 41, p. 11).

The plaintiff has not provided in the reply any cogent argument, legal authority, or expert opinion supporting a contrary conclusion. The plaintiff does not explain why it is entitled to recover fees for the paralegal entries the defendants have challenged; rather, she merely summarizes the

12

entries that the defendants have identified (see Doc. 44, p. 8). Accordingly, I recommend denying an award of fees for the 0.4 hours of paralegal time in this disputed category.

The defendants challenge two entries that appear duplicative. On August 26, 2019, the plaintiff billed $0.4^1$ hours of paralegal time for "Draft Mediation Summary sent to Mediator (54 pages)," and this exact same entry appears again on August 30, 2019 (see Doc. 40-4, p. 5). Again, the plaintiff fails to provide in the reply any argument supporting a contrary conclusion on this point. For whatever reason, it appears the plaintiff had neglected to address this challenge raised by the defendants. Accordingly, I recommend denying an award of fees for the 0.4 hours of duplicate paralegal time in this disputed category.

Finally, the defendants challenge two entries for what they allege to be "mistaken filings" by the plaintiff. These entries were for 0.1 hours of attorney time on November 20, 2019, for "draft[ing] motion to approve settlement" and for 0.1 hours of attorney time on November 21, 2019, for "moton [sic] to approve settlement and to determine fees and costs" (see id., p. 7). The defendants opine that these entries appear to be related to

---

[1] The defendants use the figure 0.9 in their response (see Doc. 41, p. 11), but this appears to be an error upon review of the plaintiff's time entries. The time records reflect entries for 0.4 hours of paralegal work on these two days (see Doc. 40-4, p. 5).

13

the plaintiff's Notice to the Court of Proposed Settlement in FLSA Claim (see Doc. 31), which the plaintiff withdrew (see Doc. 32). Thus, the defendants state that they "should not pay fees that arise out of Plaintiff's mistaken filings or need to correct the same" (Doc. 41, p. 11).

The plaintiff counters that its Notice to the Court of Proposed Settlement in FLSA Claim (Doc. 31) was withdrawn due to a miscommunication with opposing counsel (Doc. 44, p. 9). The plaintiff proffers an explanation why this withdrawal was not a mistake on her part, but the explanation is confusing and thus unpersuasive. Accordingly, I recommend denying fees for the 0.2 hours of work by Mr. Sartes in this disputed category.

In summary, the hours computed below include work reasonably related to the plaintiff's efforts to resolve this case and support attorney fees incurred in connection with the litigation. The number of hours of legal work that I recommend be reimbursed to each individual is as follows:

| Counsel or Staff | Number of hours |
|---|---|
| Sartes | 16.3 |
| Tragos | 4.9 |
| Paralegal | 2.3 |

**Total number of hours by counsel and staff: 23.5**

14

As indicated, I recommend that the hourly rates of counsel and staff be set as follows:

| Counsel or Staff | Rate per hour |
|---|---|
| Sartes | $350 |
| Tragos | $300 |
| Paralegal | $95 |

Accordingly, the sum of these hourly rates multiplied by the number of hours expended in litigation of this case results in the following loadstar amount:

| Counsel or Staff | Hourly Rate | x | Number of Hours | = | Sum |
|---|---|---|---|---|---|
| Sartes | $350 | | 16.3 | | $5,705 |
| Tragos | $300 | | 4.9 | | $1,470 |
| Paralegal | $95 | | 2.3 | | $218.50 |

**Total Lodestar: $7,393.50**[2]

IV.

The plaintiff seeks reimbursement of $2,124.41 in costs and litigation expenses (Doc. 40, p. 3). This figure represents a $400 filing fee, an $80 invoice for process service, four $40 invoices for process service, a $10 postage and delivery fee, a $700 invoice for email extraction service, a $750 mediator fee, and an unspecified $24.41 fee (see Doc. 40-4, pp. 1–7).

Under 28 U.S.C. 1920, the court may tax the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded

---

[2]Notably, the plaintiff makes no claim for an enhancement of the lodestar amount.

15

transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The defendant challenges the $10 postage and delivery fee, the $700 email extraction, and the $750 mediator fee, arguing that these costs are not enumerated in 28 U.S.C. 1920 (Doc. 41, p. 12). Additionally, the defendants challenge the December 16, 2019, entry for costs of $24.41; this entry was vaguely labeled "Casso-Lopez" but lacked any further description (Doc. 41, p. 9). These challenges are well-taken.

In the reply, the plaintiff makes feeble attempts to justify recovery of the expenses, saying they "were essential costs in the case" (Doc. 44, p. 9). That, however, is not the test. As indicated, if costs are not covered by §1920, they are not reimbursable. The plaintiffs have not provided any authority indicating that the challenged costs are covered by §1920.

Significantly, the plaintiff does not provide a list of expenses, as is normally the case. Rather she expects us to dig the costs out of her billing records and accept her conclusory total of costs. Having already been

16

plagued by an inordinate number of minimal time entries (since I could not perceive of a basis for an across-the-board reduction), I am not interested in that exercise. Accordingly, I will simply take the plaintiff's total costs and subtract the amounts challenged by the defendants. That approach yields $2,124.14 minus $1,484.41, which equals $639.73. Therefore, I recommend that the plaintiff be awarded costs in that amount.

V.

For the forgoing reasons, I recommend that attorneys' fees of $7,393.50 and costs of $639.73, totaling an award of **$8,033.23**, be awarded to the plaintiff.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER 18, 2020.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.